# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORA LEE SMITH-MILES,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>NANCY A. BERRYHILL[1], *Acting Commissioner of Social Security*,<br><br>　　　　　Defendant. | Case No. LA CV 16-3403 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

Lora Lee Smith-Miles ("Plaintiff") challenges the Social Security Commissioner's decision denying her application for disability benefits. Specifically, Plaintiff contends that the Administrative Law Judge ("ALJ") found that she had certain "mild" mental limitations[2], but failed to include them in the hypotheticals to the vocational expert ("VE") and incorporate them into the residual functional capacity

---

[1] The Court **DIRECTS** the Clerk of Court to update the case caption to reflect Nancy A. Berryhill as the proper Defendant. *See* Fed. R. Civ. P. 25(d).

[2] Plaintiff points to the ALJ's findings that Plaintiff has "mild" (1) restrictions in activities of daily living, (2) difficulties in social functioning, and (3) difficulties in maintaining concentration, persistence, or pace. (Joint Stip. at 5; Administrative Record ("AR") at 16). These mild limitations were based on findings by consultative examining psychiatrist Dr. Sharmin Jahan. (AR at 16, 422.)

1

("RFC"). (*See* Joint Stip. at 4-7, 12). The Court addresses Plaintiff's contention below, and finds that reversal is not warranted.

A. Challenge to Hypotheticals Not Properly Preserved for Appeal

Preliminarily, as a rule, "when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal." *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999).

In the instant case, Plaintiff was represented by counsel at the administrative hearing and was allowed to pose hypotheticals to the VE, but did not mention the mild limitations she complains are missing here.[3] (AR at 55-63); *see Howard v. Astrue*, 330 F. App'x 128, 130 (9th Cir. 2009) (claimant waived argument that ALJ's hypotheticals were inadequate where claimant's attorney had an opportunity to pose his own hypotheticals but never mentioned the allegedly erroneously omitted limitation).

Accordingly, the issue was not properly preserved for appeal.

B. The ALJ Properly Assessed Plaintiff's RFC

As a rule, when formulating a claimant's RFC, an ALJ must consider all the relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms reasonably attributable to medically determinable impairments. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006). However, the ALJ "need not discuss all evidence presented." *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted). Rather, the ALJ must explain only why "significant probative evidence has been rejected." *Id.* at 1395 (citation omitted).

---

[3] Instead, the ALJ had to prompt counsel to quantify a mental restriction to the VE, and then proposed a 20% off-task limitation. (AR at 62-63.) The VE testified that there would be no jobs available with that limitation. (*Id.* at 63.) Such a limitation is much more severe than the "mild" limitations at issue here. *See Colton v. Colvin*, 2016 WL 7015669, at *6 (D. Or. Sept. 28, 2016) (20% concentration and attention limitation "points to a much higher degree of impairment than 'mild'"); *Fister v. Astrue*, 2012 WL 4685358, at *13 (N.D. Cal. Sept. 30, 2012) (describing "moderate" limitations in concentration, pace, and persistence as "roughly a 20% reduction in ability").

Here, first, the ALJ specifically considered Plaintiff's mental health limitations of anxiety and depression, and discussed how Plaintiff took medication for those symptoms for 15 years and was able to work competitively through almost all of that period. (AR at 16, 419); *Warre v. Comm'r Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (impairments that can be controlled are not disabling); *Gregory v. Bowen*, 844 F.2d 664, 667 (9th Cir. 1988) (upholding finding that claimant's back problems were not disabling where that impairment had not prevented her from working).

Second, Plaintiff stopped working for reasons unrelated to her mental health. (AR at 16, 20); *cf. Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001) (allegation of disabling pain discounted because claimant "was laid off, rather than . . . injured"); *see Kennerson v. Colvin*, 2015 WL 3930167, at *3 (C.D. Cal. June 25, 2015) (RFC determination supported in part because claimant indicated she stopped working after injuring her back during a fall at work, a reason unrelated to her fibromyalgia). Notably, Plaintiff: (1) told Dr. John D. Kauffman that she would have returned to work had she not been laid off; and (2) told Dr. Jahan, and testified at the administrative hearing, that she stopped working because she fell and was terminated, not because of mental health limitations. (AR at 20, 38, 366, 420, 520.)

Third, the ALJ specifically discussed Dr. Jahan's mild limitation findings earlier in the decision and ultimately gave "great weight" to her overall assessment of Plaintiff's mental health, which is supportive of a non-disability determination.[4] (AR at 16, 422); *see, e.g., Atkinson v. Astrue*, 389 F. App'x 804, 808 (10th Cir. 2010) (upholding RFC even though ALJ did not mention all moderate mental health limitations found by doctor because ALJ accepted doctor's ultimate opinion that claimant could perform non-complex work); *Harris v. Comm'r Soc. Sec. Admin.*, 605 F. App'x 612, 614 (9th Cir. 2015) (ALJ's interpretation of physician's opinion

---

[4] Dr. Jahan opined that Plaintiff: (1) "did not appear to have any major cognitive impairment or psychotic process"; (2) had a "good [psychiatric prognosis] with treatment"; and (3) could "manage her own funds." (AR at 16, 422.)

3

comported with ALJ's ultimate determination that claimant could perform less than a full range of sedentary work).

Thus, for all the above reasons, the ALJ properly assessed Plaintiff's mental health limitations in formulating the RFC.

C. No Prejudice

Finally, any error in assessing the RFC or posing hypothetical questions to the VE was harmless for three reasons.

First, Plaintiff's argument that "the presence of the mild mental limitations *may* eliminate her past work" is too speculative to meet her burden. (Joint Stip. at 7 (emphasis added)); *see Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) ("[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." (internal quotation marks omitted)); *Gaston v. Comm'r Soc. Sec. Admin*, 577 F. App'x 739, 742 (9th Cir. 2014) (the question whether an ALJ included all limitations in hypothetical is subject to harmless error analysis).

Second, the ALJ stated that she considered Plaintiff's "physical *and mental*" symptoms in fashioning the RFC, and specifically referenced her earlier discussion of those symptoms at step two. (AR at 17 (emphasis added), 19 (finding that Plaintiff "has consistently present[ed] as alert and without significant cognitive problems"); *see Hurter v. Astrue*, 465 F. App'x 648, 652 (9th Cir. 2012) (ALJ's omission of impairments from RFC harmless because "he stated that he had considered all symptoms in formulating the RFC" and discussed reasons for discounting those symptoms while classifying claimant's depression and anxiety at step two); *Sisco v. Colvin*, 2014 WL 2859187, at *8 (N.D. Cal. June 20, 2014) ("As the ALJ determined that [claimant]'s mental impairment imposed 'no significant functional limitations,' the ALJ was not required to include a mental limitation in the hypotheticals posed to the vocational expert.").

Accordingly, Plaintiff has failed to show prejudice.

Based on the foregoing, **IT IS ORDERED THAT** judgment shall be entered **AFFIRMING** the decision of the Commissioner denying benefits.

DATED: 6-18-2017

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

\*\*\*

**This Memorandum Opinion and Order is not intended for publication. Nor is it intended to be included or submitted to any online service such as Westlaw or Lexis.**

\*\*\*